IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00121-WYD-PAC

MIKEAL GLENN STINE,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,

    Defendant(s).

---

ORDER

---

O. Edward Schlatter, United States Magistrate Judge

This is a *pro se* prisoner action under the Federal Tort Claims Act, 28 U.S.C. §§2670, *et seq.* The matter before the court is Plaintiff's Amended Motion and Request to Amend Complaint [Doc. #49; filed June 25, 2007]. The motion has been referred to me for disposition.

I denied plaintiff's earlier Motion Requesting Permission to Amend Complaint (Doc. #43) in which plaintiff requested permission to add unspecified constitutional claims against prison officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* June 25, 2007 Minute Order (Doc. #48) Plaintiff did not proffer a proposed Amended Complaint with his first motion to amend.

Plaintiff now seeks leave to add an Eighth Amendment claim against Dr. Nafziger and Warden Wiley for acting with deliberate indifference to plaintiff's serious medical needs in treating, or failing to treat, plaintiff's Hepatitis C.

Upon further consideration, I find that the interests of judicial economy are best

served by allowing plaintiff to assert his Eighth Amendment claim in this action. However, plaintiff will be required to submit a new proposed Amended Complaint for the court's review because the tendered amended pleading is deficient.

Plaintiff asserts his FTCA claim against the United States and his Eighth Amendment claim against Dr. Nafziger and Warden Wiley in a single claim for relief. However, the FTCA and *Bivens* are distinct causes of action. Plaintiff must bring one claim against the United States under the FTCA for negligent and inadequate medical treatment, and allege facts to support that claim. Plaintiff must allege a separate claim against Dr. Nafziger and Warden Wiley pursuant to *Bivens* for violation of plaintiff's Eighth Amendment rights. To support his Eighth Amendment claim, plaintiff must state facts to show that Dr. Nafziger acted with deliberate indifference to plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state an Eighth Amendment claim against Warden Wiley, plaintiff must alleges specific facts to show that the Warden personally participated in the alleged Eighth Amendment violation. *See Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976); *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir.1992)(§1983 action).

Plaintiff's tendered Amended Complaint is replete with case law citations. Plaintiff is advised that the court is concerned with what facts plaintiff can allege in support of his claims. Plaintiff's citation to legal authority, without stating facts to show a violation of his Eighth Amendment rights, is irrelevant. Accordingly, it is

HEREBY **ORDERED** that Plaintiff's Amended Motion and Request to Amend Complaint [Doc. #49; filed June 25, 2007] is **GRANTED** as follows:

Plaintiff may submit a proposed Amended Complaint to the court asserting his original FTCA claim against the United States and adding Eighth Amendment claims arising out of his Hepatitis C treatment against Dr. Nafziger and Warden Wiley, in accordance with the court's instructions above, **on or before July 27, 2007**. **Plaintiff shall not include any other claims or defendants in the proposed Amended Complaint.**

It is

**FURTHER ORDERED** that the tendered "First Amended Complaint. . ." attached to Plaintiff's Amended Motion and Request to Amend Complaint (Doc. #49) is **STRICKEN**.

Dated June 26, 2007.

                                          BY THE COURT:

                                          s/ O, Edward Schlatter
                                          O. EDWARD SCHLATTER
                                          United States Magistrate Judge