IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00121-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,
STEVEN NAFZIGER, M.D., and
RON WILEY, Warden,

    Defendant(s).

_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court on several motions:  (1) Plaintiff's Motion to Reconsider Motion for Protective Order and/or Preliminary Injunction [Docket No. **62**, Filed July 5, 2007]; (2) Plaintiff's Motion to Compel, Pursuant to Fed R. Civ. P. 37(a) [Docket No. **68**, Filed July 16, 2007]; (3) Plaintiff's Motion to Have U.S. Marshall Serve Subpoena Duces Tecums for Plaintiff Acting as Pro Se Under In Forma Pauperis Status [Docket No. **72**, Filed July 18, 2007]; (4) Plaintiff's Motion to Consolidate Instant Case and Cases 07-cv-00799-BNB; and 07-cv-01248-BNB [Docket No. **73**, Filed July 18, 2007]; and (5) Plaintiff's Motion for Order on "Urgent Issues" [Docket No. **86**, Filed August 1, 2007].

    IT IS HEREBY **ORDERED** that Plaintiff's Motion No. **62** is **DENIED**.  Plaintiff's original motion [Docket No. 25, Filed May 14, 2007] was properly denied by the Court [Docket No. 40., Filed June 7, 2007] because injunctive relief is not an available remedy under the Federal Tort Claims Act ("FTCA") in a suit against the United States.  Plaintiff subsequently added claims against individual defendants and contends that he is entitled to injunctive relief as to them.  Plaintiff further contends, in his Reply [Docket No. 95, Filed August 8, 2007], that the individual defendants have "signed waivers of service" of the Amended Complaint.  However, the Court finds no such waivers in the Court file.  Because the individual defendants have not been served with or waived service of the Amended Complaint, the Court is without jurisdiction over them  to grant injunctive – or any other

type – of legal relief. Moreover, despite the attempted addition of new defendants, Plaintiff is not entitled to relief from the Court's previous Order because he has failed to demonstrate any basis for such relief pursuant to Fed. Rule Civ. Pro 60(b).

FURTHER, IT IS HEREBY **ORDERED** that Plaintiff's Motion No. **68** is **DENIED**. Defendant timely complied with Plaintiff's discovery requests. The Federal Rules of Civil procedure do not authorize timely *denials* of Plaintiff's Requests for Admission to be deemed to be *admissions*. Plaintiff is admonished to delay the filing of any motion to compel until after the deadline for receipt of written discovery responses has passed.

FURTHER, IT IS HEREBY **ORDERED** that Plaintiff's Motion No. **72** is **DENIED**. Plaintiff's subpoenas seek the same or similar documents that he has already requested and received in discovery in this case. Further, Plaintiff failed to comply with D.C. Colo. L. Civ. Rule 7.1A.

FURTHER, IT IS HEREBY **ORDERED** that Plaintiff's Motion No. **73** is **DENIED**. The present case shall not be consolidated with Civil Action No. 07-cv-00799-BNB and/or Civil Action No. 07-cv-01248-BNB. Plaintiff's motion to voluntarily dismiss Civil Action No. 07-cv-01248 was granted on August 2, 2007, and that case was, therefore, dismissed. As to Civil Action No. 07-cv-00799, the facts alleged in that case bear no relation to the present case, only one of four defendants is identical in both cases, and the cases are on different procedural tracks. Accordingly, judicial economy would not be served by consolidation.

FURTHER, IT IS HEREBY **ORDERED** that Plaintiff's Motion No. **86** is **DENIED**. Plaintiff appears to request injunctive relief by asking the Court to sanction defense counsel for failing to control her client, order prison staff to stop hindering Plaintiff's ability to prosecute his case, and authorize the service of subpoenas on ten individuals employed by ADX. The Court denies the motion for several reasons, including: (1) As indicated *supra*, the FTCA does not waive the sovereign immunity of the United States against claims for injunctive relief; it merely waives sovereign immunity for certain tort claims for damages. Thus, any and all claims by Plaintiff in this action for injunctive relief against the United States are without legal basis and must be denied. **Any further requests for injunctive relief against the United States by Plaintiff in this action will be summarily denied**; (2) Plaintiff's allegations are conclusory and do not involve named parties; (3) Plaintiff has not established that he has exhausted his administrative remedies; (4) Plaintiff's allegations are contradicted by the number of motions he has been able to file to date; and (5) Plaintiff again failed to comply with D.C. Colo. L. Civ. R. 7.1A. In addition, Plaintiff appears to seek an order requiring that mail from this Court be forwarded to him, unopened, within 24 hours of receipt by prison staff. This request [Docket No. 86] is also **DENIED** for the reasons given pursuant to Magistrate Judge Patricia A. Coan's Order [Docket No. 18., Filed March 20, 2007].

FURTHER, IT IS HEREBY **ORDERED** that *Plaintiff must confer with opposing counsel prior to filing future motions to which D.C. Colo. L. Civ. R. 7.1A applies. In this context, "conferring" means attempting to resolve the dispute by waiting for defendant's counsel to respond to Plaintiff's letters and considering the response <u>before</u> filing a motion with the Court. Failure to confer, as defined herein, may result in denial of a motion on that basis alone.*

Dated:  September 17, 2007