IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00121-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,
STEVEN NAFZIGER, M.D., and
RON WILEY, Warden,

    Defendant(s).

_____

### MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court pursuant to Defendant United States' Motion to Compel [Docket No. 130, Filed October 2, 2007] ("Defendant's motion").

    (1) Defendant seeks an Order compelling Plaintiff to answer Defendant's First Set of Interrogatories. Defendant served Plaintiff with the Interrogatories on August 8, 2007. Under Fed. R. Civ. P. 33, Plaintiff was required to respond by September 10, 2007. Pursuant to D.C. Colo. L. Civ. R. 7.1A, Defendant conferred with Plaintiff on this issue. Plaintiff claims he did not receive the interrogatories until September 26, 2007, and will not respond until thirty (30) days after that date.

    (2) Defendant also seeks an Order compelling Plaintiff to produce his expert reports. Pursuant to the Court's Order filed on September 7, 2007 [Docket No. 111], the deadline for production of Plaintiff's expert reports was October 1, 2007. As of the date of Defendant's motion, Plaintiff had not complied. Defendant failed to certify whether it conferred with Plaintiff regarding this issue, as required by Local Rule 7.1A. The certification submitted relates only to the dispute regarding Plaintiff's failure to answer interrogatories. However, as this issue impacts a Court-imposed deadline that Plaintiff has failed to comply with, the Court will resolve the issue on the merits.

    IT IS HEREBY **ORDERED** that Defendant's Motion is **GRANTED** for the reasons

explained below.

1. Plaintiff is mistaken in his assertion that the time for his response begins to run upon his *receipt* of the interrogatories. Pursuant to Fed. R. Civ. P. 5(b), service is effected on the date of mailing, not the date of receipt. Because Plaintiff's interrogatories were served upon him through the mail, his response was due thirty-three days from the date of service under Rule 6(e). Plaintiff claims that he did not receive the interrogatories until after the deadline. Regardless, Plaintiff is not entitled to thirty (30) days from his receipt to respond . As such, Plaintiff is ordered to respond to Defendant's First Set of Interrogatories on or before **October 15, 2007**.

2. Plaintiff is ordered to produce his expert reports to Defendant on or before **October 15, 2007**. Plaintiff is admonished to abide by all Court-imposed deadlines. Failure to follow a Court Order may lead to sanctions, including the dismissal of Plaintiff's claim under Fed. R. Civ. P. 41(b). The Court will not impose such sanction here, but Plaintiff is alerted of this possibility if future Court Orders are disregarded. Plaintiff is reminded of the deadlines and hearing dates pending in this case:

   - Plaintiff's Expert Disclosure/Reports Deadline **October 15, 2007**
   - Plaintiff's Responses to Defendant's
     First Set of Interrogatories **October 15, 2007**
   - Discovery Cutoff **December 3, 2007**
   - Dispositive Motions Deadline **January 15, 2008**
   - Proposed Pretrial Order Deadline **March 20, 2008**
   - Final Pretrial Conference **March 27, 2008**

Dated: October 5, 2007