IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00121-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
STEVEN NAFZIGER, M.D., and
RON WILEY, Warden,

    Defendants.

_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

    By an Order entered February 2, 2007 (Doc. # 5) plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(b)(2), plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment.  In the order to show cause, plaintiff was directed to file a certified copy of his inmate trust fund account statement.  Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

    In the Court's February 2, 2007, plaintiff was ordered to pay $20.00 toward his filing fee based on the information about the plaintiff's financial status reflected in his

account statement.  Furthermore, plaintiff was directed to file a certified copy of his inmate trust fund account statement.  However, for the months of February 26, 2007 (Doc. # 13) and March 15, 2007 (Doc. # 15), plaintiff submitted an "Inmate Inquiry" and not an inmate account statement.  On May 31, 2007 the inmate account statement only encompasses the time from of October 2006 to December 2006, and the inmate account statements filed on July 11, 2007 (Doc. # 67) and September 5, 2007 (Doc. # 109) only reflect the account balance.   Neither the "Inmate Inquiry" nor the account balances reflect the activity within the plaintiff's account and, therefore, do not comply with the Court's Order to file complete certified copies of the preceding  month's income.

Despite this clear language, plaintiff has failed to make the initial $20.00 filing fee payment and the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months March, April, May, June, July, August, September, and October 2007.   Therefore, plaintiff will be ordered either to make the initial $20.00 filing fee payment and the required monthly payments or to show cause why he cannot.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause.  Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a **current** certified copy of his inmate trust fund account statement for the preceding

month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis* entered February 2, 2007.

IT IS ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED: October 30, 2007.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix

United States Magistrate Judge