IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00121-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,
STEVEN NAFZIGER, and
RON WILEY, Warden,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Stay Case and Reschedule Deadline Dates [Docket No. 154; Filed November 28, 2007] ("Motion to Stay"); and Defendants' Motion to Extend Deadlines [Docket No. 161; Filed December 17, 2007] ("Motion to Extend").

    IT IS HEREBY **ORDERED** that the Motion to Stay [Docket No. 154] is **GRANTED in part and DENIED in part**. Plaintiff is an incarcerated prisoner who is proceeding *pro se.* To the extent Plaintiff requests an indefinite stay of his case, the Motion to Stay is **denied**. Defendants filed a response in opposition to the Motion to Stay on December 10, 2007 [Docket No. 160] and informed the Court that Plaintiff is currently incarcerated in California pursuant to a Writ of Ad Testificandum. Plaintiff was transferred to California on December 5, 2007. Defendants also notified the Court that Plaintiffs' transfer to California was temporary, and they expect Plaintiff to be returned to this District by the end of December 2007. Accordingly, a stay of this case is unnecessary. To the extent Plaintiff requests to reschedule *pending* case deadlines, the Motion to Stay is **granted** as set forth below.

    IT IS FURTHER **ORDERED** that the Motion to Extend [Docket No. 161] is **GRANTED**. The Court extends the pending deadlines set in this case as follows:

- Defendants' Expert Disclosures and Reports      January 15, 2008
- Discovery Cutoff      January 31, 2008
- Dispositive Motions Deadline      February 15, 2008

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for March 27, 2008 is **vacated** and **RESET** to **April 28, 2008 at 11:00 a.m.** in Courtroom **A-501,** Fifth Floor, of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294. Plaintiff may participate telephonically by contacting Chambers at **(303) 844-4892** on the date and time set for the Conference.

The parties shall submit their proposed final pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures **no later than April 21, 2008**. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., WordPerfect or Word only) and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov.*

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at www.co.uscourts.gov. Instructions for downloading in richtext format are posted in the forms section of the website.**

This matter is also before the Court on Defendants' Motions for Sanctions [Docket No. 139; Filed November 1, 2007] ("Motion for Sanctions"); Plaintiff's Renewed Motion for Appointment of Medical Expert Pursuant to Rule 706 Fed. R. Evid. [Docket No. 143; Filed November 5, 2007] ("Motion for Expert"); and Plaintiff's Motion for the Court's Assistance and Order of the Court [Docket No. 145; Filed November 15, 2007] ("Motion for Assistance"). Plaintiff's response to the Motion for Sanctions was due November 21, 2007. He did not respond. Defendants responded to Plaintiff's Motion for Expert on November 26, 2007 [Docket No. 150] and to Plaintiff's Motion for Assistance on December 3, 2007 [Docket No. 158].

IT IS HEREBY **ORDERED** that the Motion for Sanctions [Docket No. 139] and Motion for Expert [Docket No. 143] are **reserved for ruling** pending a motions hearing set for **January 17, 2008 at 9:30 a.m.** in Courtroom **A-501,** Fifth Floor, of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294. The motions hearing shall be conducted by televideo conference. **The Plaintiff and his case manager will be allowed to participate by televideo conference, and all other parties shall appear in person for the hearing**.

It is FURTHER **ORDERED** that the case manager for prisoner #55436-098 shall ensure the availability of the Plaintiff MIKEAL GLENN STINE for the Court's motions

hearing on January 17, 2008 at 9:30 a.m. A representative from the Court will contact the case manager for Plaintiff on that day and time to connect the Plaintiff to the televideo conference. **If Plaintiff has not been returned to this District within one (1) week of the hearing, Defendants shall so inform the Court and file a motion to reschedule the hearing.**

IT IS HEREBY **ORDERED** that the Motion for Assistance [Docket No. 145] is **DENIED** for the reasons set forth below.

Plaintiff contends that his case manager and an attorney working for the Bureau of Prisons (BOP), as agents of and directed by Defendants, are improperly prohibiting him from contacting individuals to discuss his pending case. Specifically, he alleges that he has been prevented from calling "investigators [who] are assisting Plaintiff" to prepare his case. Plaintiff seeks an Order requiring Defendants to allow such communication. He also seeks an Order requiring Defendants to let him communicate with other "inmate witnesses" regarding his case. Plaintiff claims he was prevented from exhausting his administrative grievance remedies and, as such, the issue is ripe for the Court's determination. The Court disagrees.

Defendants filed a response to Plaintiff's Motion for Assistance [Docket No. 158] and asked that the Court deny the Motion, first and foremost, because Plaintiff has failed to administratively exhaust his claims. Defendants provided an affidavit from BOP attorney Deborah A. Locke whereby she describes the prison facility's grievance process. *See* Affidavit of Deborah A. Locke [Docket No. 158-2]. She notes that "Inmate Stine has misstated institution policy regarding the administrative remedy process." *Id.* at 6. Ms. Locke informs the Court that an inmate can either informally grieve an alleged injury, usually one issue at a time, with his Correctional Counselor by filing a BP-8 form, or if he refuses to participate in informal resolution, can bypass that step and formally grieve an issue with the Administrative Remedy Coordinator by filing a BP-9 form. The Coordinator will consider whether the inmate has a valid reason for seeking immediate formal review in place of informal review. Further, Ms. Locke informs the Court that an inmate "does not have to wait for resolution of the BP-9 and any appeals thereof before he can begin the process of filing a BP-8 or BP-9 on another issue." *Id.* at 7.

The Court also takes judicial notice of the facility's administrative grievance policy posted on the Bureau of Prison's website. U.S. Dep't of Justice, Federal Bureau of Prisons, *Program Statement for the Administrative Remedy Program* No. 1330.13 <http://www.bop.gov/DataSource/execute/dsPolicyLoc> ("BOP Grievance Policy"). Nothing in the policy limits a prisoner's ability to pursue more than one grievance at a time. The policy notes that an inmate may bypass the informal grievance process and proceed to formal review where the circumstances so justify. *Id.* § 542.14, at 5-6. Accordingly, if an inmate is prevented from filing multiple informal grievances, he would be justified in bypassing informal review and proceeding to formal review. The policy also clearly

3

instructs the facility to consider untimely requests, including those which may have been caused by a delay in informal review. *Id.*

Plaintiff does not contend that he did, in fact, grieve these alleged injuries, but rather, contends that he is only allowed to have one pending grievance at a time, and he was prevented from grieving the instant claims because of an outstanding grievance on another issue. Ms. Locke's sworn affidavit and the facility's public administrative grievance policy refute Plaintiff's contention. The Court also notes that records provided by Defendants show that Plaintiff has a history of filing grievances with the prison facility, many of which appear to have overlapped with one another. [Docket No. 158-2 at 7, & 20-25]. As such, the Court finds that Plaintiff did not adequately grieve his alleged injuries. Consequently, the Court has no jurisdiction to consider these claims and declines to address the merits of Plaintiff's allegations further. *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Woodford v. Ngo*, 123 S. Ct. 2373, 2382 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").[1]

This matter is also before the Court on Defendants' Motion to Strike [Docket No. 163; Filed December 19, 2007].

IT IS FURTHER **ORDERED** that the Motion to Strike is **GRANTED** for the reasons set forth in the Court's Order of September 24, 2007 [Docket No. 128] and pursuant to D.C. Colo. L. Civ. R. 7.1H. **The Clerk is directed to strike Docket No. 157 from the record.**

A copy of this order has been provided to U.S. District Court, Automation Unit - Video Conferencing, Mike Myers, by the Court.

Dated: December 21, 2007

BY THE COURT:

s/ Kristen L. Mix

---

[1] To the extent that Plaintiff also contends that he was told by prison officials that he could not grieve alleged injuries that relate to a pending court case, Plaintiff failed to substantiate this claim by submitting an administrative grievance that was rejected for this reason. In addition, the facility's grievance policy does not support Plaintiff's contention that the grievance procedure was unavailable to him in this instance. The policy clearly states the administrative grievance procedure is available to provide inmates the opportunity "to have *any* issue related to incarceration formally reviewed . . . ." BOP Grievance Policy, *supra*, § 542.10, at 1 (emphasis added).

U.S. Magistrate Judge
Kristen L. Mix