IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00121-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,
STEVEN NAFZIGER, and
RON WILEY, Warden,

    Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

This matter is before the Court on Plaintiff's Motion to Stay 11-C Proceedings; and

Motion for Appointment of Counsel for 11-C Proceedings [Docket No. 183; Filed February

25, 2008] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  As a preliminary matter,

Plaintiff was permitted an extension of time to submit a closing argument in reference to

Defendants' pending Motion for Sanctions [Docket No. 139].  The deadline for Plaintiff to

submit his closing argument was February 20, 2008.  Plaintiff did not submit his closing

argument despite the Court's clear warning that "**[n]o further extensions of time will be**

**permitted**" [Docket No. 181].

Contrary to the Court's warning, the present Motion is an attempt to indefinitely

extend the deadline for Plaintiff to submit his closing argument by staying the Court's

determination of Defendants' Motion for Sanctions until such time as the Court can appoint

counsel for Plaintiff. Plaintiff's Motion lacks merit for at least three reasons. First, Plaintiff

is not constitutionally entitled to the appointment of counsel. *Durre v. Dempsey*, 869 F.2d

543, 547 (10th Cir. 1988). Second, Plaintiff's case is closed, and the sole remaining issue

is whether Plaintiff should be sanctioned for his conduct while the case was pending.

Third, Plaintiff was given an opportunity to present evidence, call witnesses, and make

arguments during a hearing conducted by this Court on February 7, 2008 [Docket No. 176]

regarding the Motion for Sanctions. At no time did Plaintiff profess the need for counsel

or appear unable to articulate his thoughts into words, as the Motion now claims.[1]  As

such, to the extent that Plaintiff requests an extension of time to submit his closing

argument, the Motion is denied. To the extent that Plaintiff requests that the Court appoint

counsel to represent him, the Motion is denied. To the extent that Plaintiff attempts to

grieve a new injury allegedly perpetrated on him by Defendants, (1) Plaintiff's case is now

closed and the merits of any alleged injuries, new or otherwise, cannot be adjudicated

therein; and (2) Plaintiff must exhaust his administrative remedies before seeking relief

from this Court. *See* 42 U.S.C. § 1997e.

---

[1] The Court seriously questions Plaintiff's assertion that he lacks the mental capacity to litigate his case. The Court takes judicial notice that Plaintiff is currently litigating six other cases in this District: (1) Civil Action No. 07-cv-00799-WYD-KLM; (2) Civil Action No. 07-cv-01250-WYD-KMT; (3) Civil Action No. 07-cv-01839-BNB; (4) Civil Action No. 07-cv-02203-WYD-KLM; (5) Civil Action No. 08-cv-00164-BNB; and (6) Civil Action No. 08-cv-00298-BNB. In fact, after Plaintiff claimed to lack the mental ability to proceed with the present action, he filed two new cases, filed countless motions in his other pending cases, opposed several dispositive motions, and attended hearings where he presented evidence and made arguments, all without suggestion that he was suffering from a lack of mental capacity. Plaintiff's cavalier assertion regarding his mental capacity on the eve of this Court's review of Defendant's Motion for Sanctions is belied by his conduct in this and other cases.

Finally, the Court has provided Plaintiff with ample opportunity to respond to Defendants' Motion for Sanctions. Even though Plaintiff failed to timely respond to the Motion for Sanctions, the Court provided Plaintiff with an opportunity to respond via hearing. Plaintiff was given notice of that hearing, he was allowed to participate at the hearing and fully assert his position, and he was allowed to brief his arguments further by the submission of a written closing argument. Plaintiff's opportunity to submit his closing argument has now passed. Even assuming, *arguendo*, that Defendants have somehow inhibited his ability to gather new evidence, the time for Plaintiff to present evidence has also passed.

In addition to notice of filing of this Order being provided to the parties, IT IS **ORDERED** that the office of the Clerk shall mail a copy of this Minute Order to the following:

CASE MANAGER FOR:
Mikeal Glenn Stine  #55436-098
Florence ADMAX US Penitentiary
P.O. Box 8500
Florence, CO 81226

Dated:  February 26, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix