IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00121-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants' Motion for Sanctions filed November 1, 2007. The motion asserted that Plaintiff has made false and defamatory statements in documents he filed with the Court, and requested that the documents be stricken and Plaintiff be sanctioned under Rule 11 and this Court's inherent authority. This motion was referred to Magistrate Judge Mix for a recommendation by Order of Reference of February 13, 2007, and Memorandum dated November 1, 2007.

On January 4, 2008, I entered an Order dismissing the case without prejudice pursuant to a motion filed by Plaintiff to voluntarily dismiss the case. Thereafter, Magistrate Judge Mix issued an Order on January 11, 2008, stating that while the case had been dismissed, the Motion for Sanctions would be heard by the Court. Accordingly, she reset a hearing on that motion. Plaintiff filed Objections to this Order on January 28, 2008, which were overruled by me by Order filed February 11, 2008.

I noted in that Order that Magistrate Judge Mix correctly found that a voluntary dismissal of a case by a party does not divest the Court of jurisdiction to consider a motion for sanctions under FED. R. CIV. P. 11. *See* February 11, 2008, Order at 1. Indeed, I found that this makes sense as a party should not be allowed to avoid consequences for potential violations of Rule 11 or other improper actions simply by dismissing the case. *Id.* at 2.

On March 6, 2008, Plaintiff filed Objections to an Order of Magistrate Judge Mix filed February 27, 2008, which denied Plaintiff's Motion to stay the proceedings under Rule 11 and for appointment of counsel for the proceedings. I overruled those Objections by Order filed March 25, 2008, finding no error in connection with Magistrate Judge Mix's Order denying the motion to stay resolution of the sanctions issue. March 25, 2008, Order at 2-3. As to the request to appoint counsel, I found that this related to an unsupported argument by Plaintiff that he was facing perjury charges. *Id.* at 3. I also found in that Order that Plaintiff had an adequate opportunity at the hearing on the motion for sanctions held March 7, 2008, to defend and present evidence. *Id.* at 2-3.

After the hearing on the motion for sanctions, Magistrate Judge Mix issued a Recommendation of United States Magistrate Judge and Order Striking Docket Nos. 44, 113 and 122. The Recommendation was filed March 21, 2008, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

Magistrate Judge Mix recommends therein that Defendants' Motion for Sanctions be granted. More specifically as to sanctions, Magistrate Judge Mix recommends that the dismissal without prejudice of the case be converted to a dismissal with prejudice.

*See* Recommendation at 1-2, 18.  She further recommends that the dismissal be treated as at least Plaintiff's "third strike" pursuant to 28 U.S.C. § 1915, such that Plaintiff is precluded from proceeding *in forma pauperis* in any further civil action, except those that meet the high standard of asserting a claim of imminent danger.  *Id.* at 2, 18-19.  Finally, Magistrate Judge Mix recommends that the pleadings which contain the offensive and unsupportable accusations against Ms. Padden and former Magistrate Judge Schlatter be stricken from the record.  *Id.* at 18.

Magistrate Judge Mix concluded as follows with respect to this Recommendation:

> The time has come for the Court to take a stand against Plaintiff's contumacious behavior.  His frivolous filings alone warrant severe sanction due to the unnecessary burden Plaintiff has placed on the Court and defense counsel.  But this Recommendation is further justified by the malicious filings containing outrageous and wholly unsupportable allegations that Plaintiff has lodged in this case (as well as other cases) regarding defense counsel and a former judicial officer of this Court.  Plaintiff's false statements regarding Assistant United States Attorney Amy Padden and former Magistrate Judge O. Edward Schlatter to the Court, to elected public officials, to executive agencies, to bar associations, and to various others is simply unconscionable. In addition, the Court finds that Plaintiff has made untruthful statements to the Court. Plaintiff should be held accountable for his conduct.

*Id.* at 2.  She also advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation.  *Id.* at 9.

On March 28, 2008, Plaintiff filed a motion for enlargement of time to file objections to the Recommendation.  This motion was granted by Minute Order of April 2, 2008.  Plaintiff was given until April 26, 2008, to file objections.  On April 2, 2008, Plaintiff filed a Motion for Transcript of the Evidentiary Hearing, wherein he requested both a transcript of the hearing as well as a 30 day extension of time to file objections

after his receipt of the transcript. By Minute Order of April 11, 2008, Magistrate Judge Mix granted the motion to the extent it requested that a transcript of the sanctions hearing be prepared at Court expense and provided to Plaintiff. By Minute Order filed April 14, 2008, I denied the request for a 30 day extension of time to file objections after receipt of the transcript. Instead, I granted Plaintiff an additional extension of time of 14 days after receipt of the transcript to file objections.

The transcript was prepared and filed on May 6, 2008, and I was informed by the Court that the transcript was mailed to Plaintiff on that date. To date, more than thirty (30) days later, Plaintiff has not filed objections to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. Indeed, even if I were reviewing the Recommendation under a *de novo* standard I would reach the same result. The sanctions recommended by

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

-4-

Magistrate Judge Mix are clearly warranted by Plaintiff's litigation abuses in this and multiple other cases as well as the false statements made by Plaintiff and his other contumacious conduct described in the Recommendation. I agree that Plaintiff's conduct as described in the Recommendation was malicious and egregious, and that no sanction less than dismissal of this case with prejudice would be effective for the reasons noted by Magistrate Judge Mix. Recommendation at 23-24. I further find that construing this dismissal as at least Plaintiff's "third strike" is clearly warranted. I note, however, that this is actually Plaintiff's fourth strike since the Tenth Circuit recently affirmed Plaintiff's third strike in *Stine v. Collins*, No. 08-1078, 2008 WL 2275921, at *2 (10th Cir. June 4, 2008).[2] Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated January 28, 2003, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion for Sanctions (Docket No .139) is **GRANTED**. It is

FURTHER ORDERED that the dismissal without prejudice of this case is converted to a dismissal **WITH PREJUDICE**. It is

FURTHER ORDERED that Docket No. 44, 113 and 122 shall be **STRICKEN** from the record. It is

FURTHER ORDERED that 07-cv-00799-WYD-KLM Docket No. 55 and 07-cv-01839-WYD-KLM Docket No. 14 shall be **STRICKEN** from the record. Finally, it is

---

[2] As Magistrate Judge Mix noted in her Recommendation, the first and second strikes were issued in Civil Action No. 07-cv-581-PHX-PGR (MHB) (D. Ariz.) and Civil Action NO. 07-cv-00102-ZLW. *See* Recommendation at 19 n. 12.

ORDERED that the dismissal of this case shall be treated as at least Plaintiff's **"third strike"** (although technically it is now Plaintiff's fourth strike) such that he may not proceed *in forma pauperis* in this district or any other, barring a legitimate claim of imminent danger or serious physical injury.

Dated: June 24, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge